IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LA NOUE DEVELOPMENT, LLC, an )
Oregon limited liability company, )
               )
       Plaintiff,      )   Case No. 04-1527-KI
               )
   vs.            )   OPINION
               )
ASSURANCE COMPANY OF AMERICA )
(d/b/a ZURICH NORTH AMERICA), a )
New York corporation, and ZURICH )
AMERICAN INSURANCE COMPANY )
(d/b/a ZURICH NORTH AMERICA), a )
New York corporation, )
               )
      Defendants.    )

    James T. McDermott
    Dwain M. Clifford
    Ball Janik LLP
    101 S. W. Main Street, Suite 1100
    Portland, Oregon 97204-3219

      Attorneys for Plaintiff

>	Thomas A. Gordon
>	Gregory L. Baird
>	Gordon & Polscer, LLC
>	9755 S. W. Barnes Road, Suite 650
>	Portland, Oregon  97225
>
>		Attorneys for Defendant

KING, Judge:

Plaintiff La Noue Development, LLC ("La Noue") brings several claims against an insurance company, including breach of contract claims based on a duty to indemnify and a duty to defend, a breach of contract claim based on waiver, and a breach of contract and a breach of duty of care based on a duty to settle. Assurance Company of America (d/b/a Zurich North America), and Zurich American Insurance Company (d/b/a Zurich North America) ("ZAIC") (collectively, "defendants"), have filed a motion to dismiss (#26).

## BACKGROUND

I.	Procedural Background

La Noue initially filed a complaint against "Zurich North America." Defendant Assurance Company of America, improperly named as Zurich North America, moved to dismiss arguing, among other things, that La Noue had not brought suit against a legal entity. I deferred the motion to dismiss and directed La Noue to join Assurance Company of America as a defendant.

La Noue filed an amended complaint against Assurance Company of America (d/b/a Zurich North America) and Zurich American Insurance Company (d/b/a Zurich North America), referring to both defendants in its complaint as "Zurich."

Defendants now move to dismiss the amended complaint against ZAIC, asserting that ZAIC must be dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) because it is an improper party. In addition, defendants assert La Noue's third claim (breach of contract–waiver), fourth claim (bad faith breach of contract–duty to settle), and fifth claim (bad faith breach of duty of care–duty to settle) should be dismissed pursuant to Rule12(b)(6). Due to the overlapping nature of the arguments, the initial motion to dismiss, filed before plaintiff amended its complaint, was denied as moot when the second motion to dismiss was taken under advisement.

II.     Factual Allegations

I take the following facts from La Noue's first amended complaint. Plaintiff alleges that La Noue built and sold several residential properties, and after the sales, two of the residents noticed moisture problems. La Noue had purchased a Specialty Contractors Policy from "Zurich" which was underwritten by Assurance Company of America. Pursuant to the terms of the sales agreements, both property owners filed arbitration demands against La Noue based on the moisture problems. La Noue notified defendants and tendered the defense of the arbitration to defendants. On September 12, 2000, defendants sent La Noue a reservation-of-rights letter.

In the time leading up to the arbitration proceeding, defendants' attorney advised defendants on more than one occasion to make a settlement offer to the property owners, which defendants declined to do. Just prior to the week-long arbitration, on April 17, 2001, defendants sent a letter to La Noue to putatively reserve the right to refuse to pay anything under the policy if the obligation for payment were based on a rescission claim. Throughout the arbitration proceeding itself, defendants' counsel warned defendants that the homeowners were likely to prevail, but defendants refused to make settlement offers.

The arbitration panel found that the two property owners were entitled to rescind their purchases of the subject property on the basis of water problems in the crawlspace. They were ordered to reconvey the townhome units to La Noue. The arbitration decision also obligated La Noue to pay attorney fees and arbitration fees. La Noue demanded payment from defendants but defendants refused.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. l986), cert. denied, 479 U.S. 1054 (1987). Normally, the review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. Nevada County, Cal., 824 F.2d 735, 737 (9th Cir. 1987). The court, however, may review a document extrinsic to the complaint if the authenticity of the document is not contested and the complaint necessarily relies upon it. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir.) (permissible to consider employer's group insurance application in action alleging improper denial of benefits), cert. denied, 525 U.S. 1001 (1998).

## DISCUSSION

I.   Whether ZAIC is a proper defendant

La Noue's complaint refers to both ZAIC and Assurance as "Zurich" and alleges breach of contract and tort claims against both. For example, the complaint alleges that "La Noue purchased a Specialty Contractors Policy from Zurich under policy number SCP 32947419."

Amended Complaint ¶ 5. Defendants seek to dismiss ZAIC because it was not a party to the contract.

Because I must accept all allegations of material fact stated in the complaint as true, and construe the allegations in favor of La Noue, I do not dismiss ZAIC. The complaint alleges that La Noue dealt with agents from both Assurance and ZAIC, and that both Assurance and ZAIC handled the arbitration defense. Without further discovery, La Noue cannot know whether agents were acting on behalf of either Assurance or ZAIC, or both.

Accordingly, I will not dismiss ZAIC now, but defendants may raise the argument again in a motion for summary judgment when there is an evidentiary record.

II. Third Claim for Relief (Waiver)

In its third claim for relief, La Noue alleges that defendants waived their right to deny coverage. Defendants sent a reservation-of-rights letter to La Noue on September 12, 2000 but, according to La Noue, failed to reserve the right to deny coverage if La Noue was obligated to pay any damages under a claim for rescission. Instead, La Noue alleges, defendants waited until April 17, 2001 (only 20 days before the arbitration hearing was scheduled to begin) to attempt to reserve their rights to deny coverage. Accordingly, La Noue asserts that defendants waived their right to deny coverage of the claim for rescission.

Defendants argue that they cannot be deemed to have waived a condition of coverage or an exclusion of coverage, only a condition of forfeiture. ABCD . . . Vision, Inc. v. Fireman's Fund Ins. Companies, 304 Or. 301, 306, 744 P.2d 998 (1987). La Noue, in contrast, asserts that defendants can be deemed to have waived an interpretation of a clause granting coverage, just not

an express exclusion in a policy. Here, defendants do not rely on an exclusion in the policy. La Noue contends this is an issue of first impression.

I find that La Noue, as the insured, may not claim that defendants, as the insurer, have waived the right to raise as a defense the fact that the policy does not cover the arbitration awards. The case most directly on point is Wyoming Sawmills, Inc. v. Transportation Ins. Co., 282 Or. 401, 578 P.2d 1253 (Or. 1978). Although Wyoming Sawmills is not a model of clarity, the court refused to allow the plaintiff to assert waiver against the insurer when the insurer, having relied only on an exclusion in its reservation of rights letter, "denied the existence of 'property damage' as covered by the policy" in litigation. Wyoming Sawmills, 282 Or. at 403, 578 P.2d 1253. The court specifically found, "It is our conclusion that defendant is not estopped from contending nor has it waived the right to contend that plaintiff's loss did not result from property damage as covered by the policy." Id. at 410, 578 P.2d 1253. Broad language in other cases can be read to support my conclusion that an insurer cannot waive either exclusions from or grants of coverage. See, Holman Erection Co., Inc. v. Employers Ins. of Wausau, 142 Or. App. 224, 226 n.3, 920 P.2d 1125 (1996) ("waiver and estoppel cannot be invoked to create coverage or to negate an express exclusion in a policy of insurance"); Richardson v. Guardian Life Ins. Co. of Am., 161 Or. App. 615, 625, 984 P.2d 917 (1999) (because the policy never provided coverage for a specific type of damage in its coverage grant, waiver and estoppel are not available to the insured).

In addition, La Noue claims that defendants strategically shifted their interpretation of the policy, which should prevent defendants from relying on its subsequent interpretation of

April 17, 2001. It cites Farley v. United Pac. Ins. Co., 269 Or. 549, 525 P.2d 1003 (1974), which involved an insurer that changed its interpretation of the policy after the insured's loss; the court found the insurer was bound by the prior interpretation. It also cites Collver v. Salem Ins. Agency, Inc., 132 Or. App. 52, 887 P.2d 836 (1994) involving application of estoppel to an insurer's denial of coverage based on a different date in the policy's declaration than the date originally stated by the insurer's agent.

However, unlike Farley and Collver, there is no allegation here that defendants interpreted the policy one way prior to the loss, and changed that interpretation after the loss.

Accordingly, I dismiss with prejudice La Noue's third claim for relief.

III. Fourth Claim for Relief (Bad Faith Breach of Contract–Duty to Settle)

In its fourth claim for relief, La Noue asserts that the defendants had a contractual duty to defend, and that such a duty to defend included the duty to settle the case within the policy limits if it would have been reasonable to do so.

Defendants argue that since the terms of the contract provide the basis for when an insurer must pay a claim, and the amended complaint makes no allegation that defendants acted in any way other than what was allowed by the contract, La Noue's fourth claim fails to state a claim. Instead, La Noue may only proceed in tort–La Noue's fifth claim.

Contrary to defendants' characterization of the complaint, La Noue alleges that the duty to defend includes both "the duty to inquire whether settlement was possible within policy limits" and "to settle the case within policy limits." Accordingly, La Noue complains that defendants violated a different contract provision than the promise to indemnify. See Radcliffe v. Franklin Nat'l Ins. Co., 208 Or. 1, 8, 298 P.2d 1002 (1956) ("Although the words 'pay' and

Page 7 - OPINION

'settle,' in many instances mean the same, 'settle' is a term of the accordion type and at times expands its connotation until it becomes a synonym for 'compromise.'").

Furthermore, a number of cases have implied that the covenant of good faith inherent in a contractual promise to defend the insured gives rise to a breach of contract claim for failure to settle.  See, e.g. Radcliffe, 208 Or. at 38; Groce v. Fidelity General Ins., 252 Or. 296, 302, 448 P.2d 554 (1968); Eastham v. Oregon Auto. Ins. Co., 273 Or. 600, 607, 540 P.2d 364, reh'g den., 273 Or. 610, 542 P.2d 985 (1975).

It may be possible for La Noue to rely on both a contract theory and a tort theory here. Ashmun v. Nichols, 92 Or. 223, 234-35, 178 P. 234, 180 P. 510 (1919). I note, however, that the shorter statute of limitations applicable to tort claims will apply "[i]f the alleged contract merely incorporates by reference or by implication a general standard of skill and care to which the defendant[s] would be bound independent of the contract, and the alleged breach would also be a breach of this noncontractual duty[.]" Georgetown Realty, Inc. v. The Home Ins. Co., 313 Or. 97, 105-6, 831 P.2d 7 (1992), quoting Securities-Intermountain, Inc. v. Sunset Fuel Co., 289 Or. 243, 259, 611 P.2d 1158 (1980).

Because neither party sufficiently briefed this latter point, I deny defendants' motion to dismiss the fourth claim, with leave to renew as a motion for summary judgment.

IV.   Fifth Claim for Relief (Bad Faith Breach of Duty of Care and Breach of Fiduciary Duty–Duty to Settle).

La Noue's fifth claim for relief tracks the allegations in the fourth, asserting that defendants had a duty to negotiate and attempt to settle and they breached that duty.  However, La Noue characterizes these allegations as arising in tort.

Defendants seek to dismiss the fifth claim for relief on two grounds: statute of limitations, and failure to state a claim on the basis that Oregon does not recognize the claim for tortious breach of duty of care and fiduciary duty when the verdict was not in excess of the policy limits.

A. Statute of Limitations

Defendants argue that the claim was brought beyond the statute of limitations under Oregon law. Oregon law provides a two-year statute of limitations for "injury to the person or rights of another." ORS 12.110(1). This provision has been routinely applied to tort claims. See e.g., McLean v. Charles Ellis Realty, Inc., 189 Or. App. 417, 424, 76 P.3d 661 (2003) (applying the two-year statute of limitation set forth in ORS 12.110 to claim for tortious breach of fiduciary duty). The statute of limitations begins to run when the plaintiff "knew or in the exercise of reasonable care should have known" facts indicating the probable existence of the elements of the claim: harm, causation and tortious conduct. Gaston v. Parsons, 318 Or. 247, 251-52, 255, 864 P.2d 1319 (1994).

La Noue filed its complaint in October of 2004. However, according to defendants, La Noue knew or in the exercise of reasonable care should have known that defendants would not be paying for any claims for rescission as of November 2001. By November 2001, La Noue knew it was no longer being defended by the attorney retained by Assurance, who had filed a motion to withdraw. It also knew about the arbitration awards entered against it. Therefore, according to defendants, the statute of limitations for La Noue's claim for tortious duty to settle expired in November 2003.

La Noue argues that its complaint does not allege facts showing it had been harmed (one of the three factors) more than two years before La Noue filed its complaint in October of 2004. La Noue's amended complaint states in the general allegations section:

> After the arbitrator's decision legally obligating La Noue to pay the [arbitration awards] to [the individual property owners], La Noue requested indemnification from Zurich. Although Zurich did not pay at that time, Zurich specifically invited La Noue to submit additional information in support of its claim. In order for La Noue to submit additional information, La Noue had to buy the [individual property owners'] homes, rehabilitate them, and then sell them once repairs were completed. After La Noue did this, La Noue demanded payment from Zurich on March 19, 2004. Zurich refused this demand on May 17, 2004.

Amended Complaint ¶ 19.

La Noue may have difficulty showing that it did not know it was harmed when it became legally obligated to pay the awards in November of 2001. However, construing the facts in its favor, La Noue has made allegations sufficient to withstand a motion to dismiss this claim. The motion to dismiss on statute of limitations grounds is denied with respect to the fifth claim, but defendants may raise the argument again in a motion for summary judgment when there is an evidentiary record.

    B.    <u>Failing to State a Claim</u>

Defendants assert that because the complaint does not allege a recovery in excess of policy limits, La Noue cannot make a claim for tortious bad faith. According to defendants, the tort is described as "the duty of an insurer to settle cases within the policy limits *when the prayer of the complaint against the insured is greater than the policy limits*." <u>Farris v. United States Fidelity & Guaranty Co.</u>, 284 Or. 453, 459, 587 P.2d 1015 (1978) (emphasis added). According to defendants, the policy limit was $1 million per occurrence, and La Noue demands $467,392.04

for the rescission awards and $251,023.69 in damages. Defendants' core contention is that absent exposure beyond contractual limits, La Noue cannot successfully assert a tort theory of liability.

La Noue claims that no Oregon case has restricted an insurer's duty of care to only those situations in which the prayer or demand against the insured exceeds the policy limits. Indeed, La Noue emphasizes that the duty to defend is broader than the duty to pay.

I agree with La Noue. As explained by the Oregon Supreme Court,

> The duty to defend requires that the insurer exercise reasonable care to protect its insured's interests, in addition to its own. This obligation may require that the insurer negotiate with a view to settling the case within the policy limits. Due care may require that an insurer make inquiries to determine if settlement is possible within the policy limits.

Maine Bonding & Cas. Co. v. Centennial Ins. Co., 298 Or. 514, 519, 693 P.2d 1296, 1299 (1985) (internal citations omitted). Simply because most cases involve a duty to settle where the breach resulted in a verdict greater than the policy limits, does not mean that the insurer's duty or its potential liability for breaching that duty is similarly restricted. Safeco Inc. Co. of Am. v. Barnes, 133 Or. App. 390, 397, 891 P.2d 682, 685 (1995) (implicit in holding is that a breach of fiduciary duty for failing to settle may exist even in the absence of coverage).

Accordingly, I deny defendants' motion to dismiss the fifth claim on this basis.

///

///

## CONCLUSION

Defendants' motion to dismiss (#26) is granted in part and denied in part.

Dated this    20th    day of June, 2005.

                                           /s/ Garr M. King  
                                           Garr M. King  
                                           United States District Judge